UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 94-5884

ELVIN FLORIS, a/k/a Elliott Thomas,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, District Judge.
(CR-93-62)

Submitted: February 7, 1996

Decided: February 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rudolph A. Ashton, III, SUMRELL, SUGG, CARMICHAEL &
ASHTON, P.A., New Bern, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, J. Douglas McCullough,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elvin Floris pled guilty to one count of distribution of crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). His plea agreement contained a stipulation, not binding on the district court, that his relevant conduct, USSG § 1B1.3,[1] was 3.1 grams of crack, the amount distributed in the count of conviction. At his sentencing hearing, the district court determined that Floris was an organizer or leader in a crack conspiracy, USSG § 3B1.1(a), that his relevant conduct included all the crack sold by the other members of the conspiracy, USSG § 2D1.1, and that he had not accepted responsibility for his offense, USSG § 3E1.1. Floris was sentenced to a term of 240 months. He appeals his sentence, contending that the district court erred in considering conduct outside that stipulated in the plea agreement, that the court made inadequate findings concerning the drug amount, and that the court clearly erred in finding that he was a leader and that he had not accepted responsibility. We affirm.

The record discloses that the probation officer initially received information from the government relating only to the controlled buy which was the basis for the count of conviction. The probation officer then sought additional information about the offense and was provided with investigative documents which included statements from cooperating witnesses and the debriefing of co-conspirator Valerie Gibbs. In the presentence report, the probation officer recommended that Floris be held accountable to 6.4 kilograms of crack.

Floris objected to the consideration of any amounts beyond the 3.1 grams of crack stipulated in the plea agreement, and suggested that Gibbs was an unreliable source of information. At the sentencing

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

hearing, Floris argued that the district court was bound by the stipulation; he presented no evidence. The district court determined that the plea agreement had not been violated by the probation officer's acquisition of further information about the offense and that Floris benefitted from the plea agreement by having a lower statutory maximum sentence than would apply had he been charged with conspiracy. The court found that Floris was responsible for at least 6.4 kilograms of crack as recommended by the probation officer, and that Floris had not accepted responsibility because he refused to admit the full scope of his involvement in the offense.

After hearing Floris's exculpatory personal statement, the district court asked the probation officer what evidence was available concerning his role in the conspiracy. The probation officer informed the court that Floris had come from New York to North Carolina in 1990 with Leonard Normil (a/k/a/ Colin Courtney Atwell) [2] to sell crack. Eight known individuals sold crack for them, a number of whom cooperated with authorities, including Gibbs. Floris stored his crack at the home of one of them. In 1991, Floris pled no contest in state court to a cocaine charge and was given a suspended sentence. In 1992 and 1993, Floris, Atwell, and Henderson were distributing significant amounts of crack daily to others for sale on the street. On the basis of this information, the district court found that Floris's role in the conspiracy was that of a leader and organizer and gave him a four-level adjustment.

First, we find that the district court did not err in considering information outside the stipulation. Under USSG § 6B1.4(d), and by the terms of the plea agreement, the stipulation was not binding on the court. The sentencing court may consider any relevant and reliable information. USSG § 6A1.3(a); United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). A defendant who contests information in the presentence report has the burden of showing that it is inaccurate or unreliable. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Floris did not attempt to meet this burden, choosing instead to rely on the stipulation. The government did not ask the court to attribute a

_____

[2] David Henderson was identified in the presentence report as the third organizer and leader of the offense; he also came from New York in 1990.

3

higher amount of crack to Floris, and it did not violate the plea agreement by providing information requested by the probation officer or by answering the district court's questions concerning the scope of relevant conduct for a defendant involved in a conspiracy.

In the absence of any evidence to the contrary, the district court's acceptance of the recommended findings contained in the presentence report concerning the amount of crack for which Floris was responsible constituted a clear and adequate finding. See United States v. Walker, 29 F.3d 908, 911-12 (4th Cir. 1994). The court did not clearly err in finding that Floris had not accepted responsibility; he disavowed any involvement beyond the count of conviction, thus denying relevant conduct which the court had determined to be true. USSG § 3E1.1, comment. (n.1).

Finally, the district court has the latitude to make findings different from those recommended in the presentence report, even on a matter to which there has been no objection. The district court here exercised its discretion to inquire into Floris's role in the offense. Considering the information before the court, we cannot say that the finding that Floris was a leader and organizer was clearly erroneous.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4